| LEMMON, J.,
Dissenting from the Denial of Certiorari.
When an action has been properly filed in this state, the venue provisions of La. Code Civ.Proc. arts. 41-86 and various special statutes determine the parish or parishes in which the action can be brought. The issue in this case, however, is whether the action has properly been filed in Louisiana and is or is not subject to dismissal.
The Code provisions at issue are La. Code Civ.Proc. arts. 123B and C. Prior to 1999, Article 123B allowed a court to dismiss without prejudice a civil action based on a federal statute and based on acts or omissions originating outside of Louisiana when there is a more appropriate forum outside of the state, except when the plaintiff is domiciled in Louisiana and the action is brought in a court of competent jurisdiction and proper venue. However, because Article 123C excepted application of Article 123B to Jones Act and federal maritime law cases, Louisiana became a haven for out-of-state plaintiffs, especially foreign seamen, who were seeking a favorable forum for recovery of tort damages unavailable in other jurisdictions.
In 1999, the Legislature amended Article 123 to permit a court to dismiss an action without prejudice if (1) the claim is based on acts or omissions originating lyoutside the state, (2) there is a more appropriate forum outside the state, and (3) the plaintiff is not domiciled in this state. Before dismissing the action, the court must require the defendant to waive any defense based on prescription maturing after the commencement of the action in Louisiana, if suit is refiled in an appropriate foreign forum within sixty days of the dismissal. The court also may condition dismissal upon the foreign forum’s assuming jurisdiction and recognizing a cause of action arising out of the same transaction or occurrence.
This application raises several questions that this court should address: (1) whether the 1999 amendment applies to an exception of venue that was decided in the district court in September 1998, and (2) whether the applicant is a “plaintiff’ within the contemplation of Article 123. If the pre-1999 law applies and the applicant is a “plaintiff,” then the action is not subject to dismissal and the Orleans Parish court is a court of proper venue that clearly is a court of competent (subject matter) jurisdiction to decide a wrongful death action.